76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond D. JACKSON, Sr., Petitioner-Appellant,
v.
Eddie YLST, Warden, Respondent-Appellee.
 No. 94-55770.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Raymond D. Jackson appeals pro se the district court's order denying his 28 U.S.C. § 2254 petition. Jackson contends that (1) his counsel was ineffective because he failed to advance all defenses relating to Jackson's impotency, (2) he was physically incompetent during his trial because of his ongoing dialysis treatments, (3) his due process rights were violated during his trial by jury misconduct and (4) his appellate counsel was ineffective for failing to raise these issues on appeal.[1]
 
 
 3
 We review de novo the denial of a habeas petition. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994). The district court's factual findings, however, are reviewed for clear error, Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991), and the state court's factual determinations are presumed correct. 28 U.S.C. § 2254(d).
 
 
 4
 We have reviewed the record and affirm for the reasons set forth in the reports and recommendations submitted by the magistrate judge and adopted in full by the district court in its February 23, 1994 order.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jackson also contends that the district court erred by refusing to reopen discovery after the completion of the evidentiary hearing on the issue of DNA testing and that his due process rights were violated during his trial by the suppression of allegedly exculpatory material. Because the issues of DNA testing and the suppression of exculpatory material were not properly presented to the district court, we decline to consider them for the first time in this appeal. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994), cert. denied, 115 S.Ct. 1378 (1995)